## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br><br>    Plaintiff,<br><br>v.<br><br>WH ADMINISTRATORS, INC., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL NO. 1:18-1290-RDB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SECRETARY OF LABOR'S MOTION FOR SUMMARY JUDGMENT
### AGAINST DEFENDANTS WH ADMINISTRATORS, INC.,
### BRENDAN TURNER, AND SUSANNE SHEIL

The Secretary of Labor moves under Federal Rule of Civil Procedure 56 for summary judgment against Defendants WH Administrators, Inc., Brendan Turner, and Susanne Sheil.

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment is granted when no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law. *See McKinney v. Bd. of Trustees*, 955 F.2d 924, 928 (4th Cir. 1992).  Summary judgment against a party is appropriate when it fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Under this standard, and based on the accompanying memorandum in support of this motion along with the supporting exhibits, deposition testimony, and affidavits, the Secretary is entitled to judgment as a matter of law on the following issues:

1. The employee health and welfare benefit plans that Defendants designed, sold, and administered for the employer clients of WH Administrators, Inc. are employee welfare benefit plans, as defined under 29 U.S.C. § 1002(1), and governed by the Employee Retirement Income Security Act of 1974 (ERISA).

2. Defendant WH Administrators, Inc. was the named and functional fiduciary of the welfare benefit plans that Defendants administered for the employer clients of WH Administrators, Inc.

3. Defendants Turner and Sheil were functional fiduciaries of the welfare benefit plans that WH Administrators, Inc. administered for its employer clients.

4. Defendants WH Administrator, Inc., Turner, and Sheil breached their fiduciary duties to the participants of the welfare benefit plans that WH Administrators, Inc. administered for its employer clients, in violation of 29 U.S.C. § 1104(a)(1)(B), by failing to ensure that the plans were properly funded and by systemically failing to pay incurred medical expenses in the amount of $26,845,911.

5. Defendants WH Administrator, Inc., Turner, and Sheil breached their fiduciary duties to the participants of the welfare benefit plans that WH Administrators, Inc. administered for its employer clients, in violation of 29 U.S.C. § 1104(a)(1)(D), by improperly denying claims for benefits in the amount of $26,845,911 contrary to the terms of the governing plan documents.

6. Defendants WH Administrator, Inc., Turner, and Sheil engaged in prohibited transactions in violation of 29 U.S.C. § 1106(b)(1) by co-mingling the welfare benefit plans' assets with the corporate assets of WH Administrators, Inc., appropriating the plans' assets for their own use and benefit, and by paying the plans' assets to their insurance brokers to solicit business on behalf of WH Administrators, Inc.

7. Defendants WH Administrator, Inc., Turner, and Sheil engaged in prohibited transactions in violation of 29 U.S.C. § 1106(b)(3) by taking commissions and other payments from Pharmacy Benefit Managers, Preferred Provider Organizations, and a stop-loss insurance carrier, all of whom provided services to and received payments from the welfare benefit plans that WH Administrators, Inc. administered for its employer clients.

8. The Defendants are jointly and severally liable for compensating the plans' participants in the amount of $26,845,911 relating to their failure to fund the welfare benefit plans and by failing to pay the incurred medical expenses of the plans' participants. *See* 29 U.S.C. § 1132(a)(5).

9. The Defendants are jointly and severally liable for restoring to the welfare benefit plans $1,804,693 relating to their prohibited transactions of using the plans' assets to pay WH Administrator, Inc.'s insurance brokers, misappropriating the plans' assets intended to purchase stop-loss insurance, and the paying off the personal debt of Defendant Turner. *See* 29 U.S.C. § 1109(a).

10. The Defendants are jointly and severally liable for disgorging unjust profits in the amount of $397,189 relating to the prohibited transactions of collecting impermissible commissions from the Pharmacy Benefit Manager, the Preferred Provider Organization, and the stop-loss insurance carrier in connection with plan-related transactions. *See* 29 U.S.C. § 1132(a)(5).

11. The Defendants' fiduciary breaches and prohibited transactions warrant the Court's entry of a permanent injunction against Defendants by permanently prohibiting them from acting, individually or collectively, as a fiduciary or service provider for any ERISA-covered employee benefit plan. *See* 29 U.S.C. § 1132(a)(5).

Based on the reasons set forth in the accompanying memorandum of law and supporting exhibits, the Secretary is entitled to summary judgment against Defendants, including restitution in favor of the plans' participants, disgorgement of Defendants' unjust profits, and a permanent injunction against Defendants.

May 2, 2019                                         Respectfully submitted,

                                                    KATE S. O'SCANNLAIN
                                                    Solicitor of Labor

                                                    OSCAR L. HAMPTON III
                                                    Regional Solicitor of Labor

                                                    JODEEN M. HOBBS
                                                    Regional Counsel for ERISA

                                                    s/Geoffrey Forney
                                                    GEOFFREY FORNEY
                                                    Senior Trial Attorney
                                                    United States Department of Labor
                                                    170 S. Independence Mall West, 630E
                                                    Philadelphia, PA 19106
                                                    215-861-5165/ dalin.patrick@dol.gov

CERTIFICATE OF SERVICE

I certify that on May 2, 2019, I electronically filed the foregoing SECRETARY OF LABOR'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS WH ADMINISTRATORS, INC., BRENDAN TURNER, AND SUSANNE SHEIL with the Clerk of Court by using the CM/ECF system.  After filing, I will immediately cause service of the foregoing filing on the defendants' counsel by emailing a true and correct copy to the following counsel of record:

>David A. Hill
>dhill4264@gmail.com

I further certify that after filing, I will serve the foregoing filing by directing that a true and correct copy be delivered by UPS, a private courier service, to the following counsel of record:

>David A. Hill
>DHill Professional Services, LLC
>14605 Silverstone Drive
>Silver Spring, MD 20905

>s/Geoffrey Forney
>GEOFFREY FORNEY
>Senior Trial Attorney
>United States Department of Labor